### MAHONEY v. O'NEILL.

(Supreme Court, Appellate Term.  October, 1901.)

FRAUDULENT REPRESENTATIONS—TIME OF MAKING.

> In an action for fraudulent representations inducing a purchase of corporate stock, plaintiff's testimony that after he bought and paid for the stock, and after he entered the employment of the company, he was furnished with pamphlets relating to the company, and that he relied on the representations contained therein, was insufficient to support a judgment in his favor, because not showing fraudulent representations inducing the purchase.

Appeal from city court of New York, general term.

Action for fraudulent representations by William H. Mahoney against James O'Neill. From a judgment of the general term of the city court of New York (74 N. Y. S. 918) affirming a judgment for plaintiff, defendant appeals. Reversed.

Argued before McADAM, P. J., and MacLEAN and SCOTT, JJ.

Kenneson, Crain, Emley & Rubino (Thaddeus D. Kenneson, of counsel), for appellant.

Lamb, Osborne & Petty (Gilbert D. Lamb, of counsel), for respondent.

McADAM, P. J. The most important exception presented on this appeal is the one taken by defendant to the admission in evidence of the pamphlet of 1893 against defendant's specific objection. The statements in said pamphlet or book were made by the defendant after the alleged fraud upon the plaintiff, and the defendant urges that it was error to admit the book in evidence. The fraud alleged was in inducing plaintiff to purchase 50 shares of the Dry Goods Commission Company, of which the defendant was the manager. The plaintiff testified that after he bought and paid in full for his shares, and after he entered the employment of the company, he made several trips through the West and New England for the purpose of selling the company's goods; that every time he took such a trip defendant gave him about 50 copies of the 1893 pamphlet or book, and told plaintiff to

distribute the pamphlets among dry goods merchants so as to make them thoroughly acquainted with the nature of the company. The plaintiff then said: "I read the book through. I read the various statements in regard to the company, the business it was doing, etc. I relied on those." We think the exception was well taken. The evidence was in no manner limited or qualified as to its purpose or effect.

As part of his cause of action it was necessary for plaintiff to prove that he relied on the representations made by defendant with the view of inducing plaintiff to make his purchase. Arthur v. Griswold, 55 N. Y. 400. There is no such testimony in the case. All that the plaintiff testified to concerning reliance on defendant's representations was that he relied on statements contained in the book received in evidence, which was published after the alleged fraud. The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.